# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EMCASCO INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>(1) C AND C GROCERY AND MARKET, )<br> INC., )<br>(2) DALE M. ATWOOD, )<br>(3) CYNTHIA GALE ATWOOD, )<br>(4) RONNIE LEE LAYMAN, JR., )<br>(5) STEPHANIE K. LAYMAN, and )<br>(6) DOBBERS C&C GROCERY, LLC, )<br>)<br>Defendants. ) | Case No. 19-CV-427-KEW |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** EMCASCO Insurance Company ("EMC"), Plaintiff herein, and brings this lawsuit seeking the declaratory judgment of this Court pursuant to 28 U.S.C. § 2201 against Defendants C and C Grocery And Market, Inc. ("C&C Grocery"), Dale M. Atwood ("Mr. Atwood"), Cynthia Gale Atwood ("Mrs. Atwood"), Ronnie Lee Layman, Jr. ("Mr. Layman"), Stephanie K. Layman ("Mrs. Layman"), and Dobbers C&C Grocery, LLC ("Dobbers C&C") to determine a controversy as to the rights and obligations of the parties under a policy of insurance issued by EMC to C&C Grocery related to a claim arising out of alleged property damage to a building, and in support thereof does allege and state as follows, to wit:

## JURISDICTION

1. EMC is a corporation organized and existing under the laws of the State of Iowa, having its principal place of business within the State of Iowa; and is, therefore, a citizen of the State of Iowa.

2. Defendant C&C Grocery is a corporation organized and existing under the laws of the State of Oklahoma, having its principal place of business within the State of Oklahoma; and is, therefore, a citizen of the State of Oklahoma.

3. Defendant Mr. Atwood is an individual citizen of the State of Oklahoma.

4. Defendant Mrs. Atwood is an individual citizen of the State of Oklahoma.

5. Defendant Mr. Layman is an individual citizen of the State of Oklahoma.

6. Defendant Mrs. Layman is an individual citizen of the State of Oklahoma.

7. Defendant Dobbers C&C is a limited liability company organized and existing under the laws of the State of Oklahoma, having its principal place of business within the State of Oklahoma, and having, on information and belief, one member, Mr. Layman, an individual citizen of the State of Oklahoma; and is, therefore, a citizen of the State of Oklahoma.

8. This lawsuit concerns a claim for the loss of a building insured for an amount that exceeds $75,000.00, and, thus, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. By reason of the diversity of citizenship of the parties to this lawsuit and the sufficiency of the amount in controversy, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a).

## VENUE

10. This lawsuit concerns the coverage afforded to C&C Grocery under a policy of insurance issued to C&C Grocery by EMC in relation to C&C Grocery's business conducted in McIntosh County, Oklahoma, and in relation to alleged property damage to a building located in McIntosh County, Oklahoma.  Because McIntosh County, Oklahoma is within the Eastern District of Oklahoma, venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS

11. EMC issued commercial property policies of insurance to C&C Grocery, as named insured, with annual policy periods spanning from May 31, 2013 through May 31, 2020, which policies afforded property coverage with a coverage limit in excess of $75,000.00 for premises rented by it to a commercial building located at 16893 State Highway 9, Eufaula, Oklahoma (the "Building"), as well as the business personal property therein, subject to the policies' terms and conditions.

12. Among the policies of insurance issued to C&C Grocery was policy no. 4M9-60-23—20, having a policy period of May 31, 2019 to May 31, 2020 (the "Policy").  A true and correct copy of the Policy is attached hereto as Exhibit 1.

13. Prior to March 1, 2019, the Building, along with the real property on which it was situated, was owned jointly by Mr. and Mrs. Atwood, who were the sole shareholders of the insured, C&C Grocery.

14. C&C Grocery operated a business in the Building, which business included a gas station, convenience store, and Simple Simon's pizza franchise.

3

15. The Policy includes an endorsement entitled Protective Safeguards, form BP 04 30 07 13 (the "Protective Safeguards Endorsement"), which (a) amends the Policy's conditions relating to first-party property coverage to require the insured to maintain certain protective safeguards in the Building, including an automatic fire alarm that is either connected to a central station or that reports to a fire alarm station, and (b) excludes coverage for loss or damages caused by or resulting from fire if the insured fails to maintain any of the protective safeguards.

16. The Policy further includes conditions in its Common Policy Conditions, in Sections III.B. and III.L. thereof, providing as follows:

> **B.  Changes**
>
> > This policy contains all the agreements between you and us concerning the insurance afforded.  The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.
>
> *     *     *
>
> **L.  Transfer Of Your Rights And Duties Under This Policy**
>
> > Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual Named Insured.
> >
> > If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative.  Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

Exhibit 1, EMC POL 60 – 61.

17. On or about March 1, 2019, Mr. and Mrs. Atwood deeded and otherwise conveyed the entirety of their rights, title and interest in the Building, the related real and personal property, and the going concern of C&C Grocery's business operations to Mr. Layman.

18. The sale of the Building and related real property was seller-financed by Mr. and Mrs. Atwood. The consideration Mr. Layman paid included a cash down payment and a promissory note in favor of Mr. Atwood. The promissory note was secured by a mortgage granted by Mr. and Mrs. Layman, as mortgagors, to and for the benefit of Mr. and Mrs. Atwood, as mortgagees.

19. On information and belief, in connection with his purchase of C&C Grocery's business, Mr. Layman formed Dobbers C&C for the purpose of operating a gas station, convenience store, and pizza enterprise in the Building.

20. After the conveyance and transfer of the Building and C&C Grocery's business on March 1, 2019, C&C Grocery ceased to have any insurable interest in the Building, the personal property thereon, or anything else insured by EMC.

21. No one provided any notice to EMC or the McGregor Insurance Group (the insurance agency that had procured EMC's insurance coverage for C&C Grocery and acted as C&C Grocery's insurance agent) of the transfer of ownership of the Building and C&C Grocery's business concerns to Mr. Layman, or otherwise complied with the Policy's condition respecting the making of changes to the terms of the Policy. As a result, on May 31, 2019, EMC renewed its insurance contract by issuing the Policy to C&C Grocery.

22. In the early morning hours of June 19, 2019, the Building and its contents were destroyed by fire.

23. At the time of the fire, C&C Grocery was the only insured under Section I of the Policy providing first-party property coverage.

24. At the time of the fire, neither of the Atwoods was listed as a "mortgagee" in the Policy's declarations.

25. At the time of the fire, C&C Grocery had no right, title or interest in or to the Building, its contents, or the business operated therein.

26. Neither at the time of fire nor at any time during the term of the Policy did C&C Grocery or any other party maintain an automatic fire alarm protecting the Building that was either connected to a central station or reported to a public or private fire alarm station, as required by the Protective Safeguards Endorsement.

27. On the same day of the fire, the McGregor Insurance Group, on behalf of Mrs. Layman, submitted a claim under the Policy to EMC for the loss of the Building.

28. Subsequent to the June 19, 2019 fire and the filing of the insurance claim therefor, the Atwoods sought to be added as "mortgagees" to the Policy, which EMC refused, citing the pending claim.

29. Each of the defendants herein has claimed or may claim a benefit or other interest under the Policy on the following bases:

    a. C&C Grocery was the named insured under the Policy at the time of the June 19, 2019 fire;

  b. The Atwoods were the mortgagees under the mortgage instrument encumbering the Building at the time of the June 19, 2019 fire;

  c. Mr. Layman was the owner of the Building and the business personal property thereon at the time of the June 19, 2019 fire;

  d. Mr. and Mrs. Layman were the mortgagors under the mortgage instrument encumbering the Building at the time of the June 19, 2019 fire;

  e. Mrs. Layman initiated the insurance claim under the Policy for the June 19, 2019 fire that destroyed the Building; and

  f. Dobbers C&C (i) made the payments to the Atwoods on Mr. Layman's purchase money loan for the Building in the months leading up to the June 19, 2019 fire, and (ii), on information and belief, operated the gas station, convenience store, and pizza enterprise in the Building in the time between the closing of the sale of the Building to Mr. Layman and the June 19, 2019 fire.

30. EMC denies that it owes any sum of money or other benefit under the terms of the Policy to any defendant herein related to the loss of the Building on June 19, 2019.

31. Thus, a real and justiciable controversy presently exists as between EMC and the defendants herein concerning the coverage afforded by the Policy, for the resolution of which controversy the declaratory judgment of this Court is sought herein.

32. No coverage is afforded under the Policy for the loss of the Building in the June 19, 2019 fire for one or more of the following, alternative reasons:

  a. On the day of the subject fire, C&C Grocery was the only insured named in the Policy's declarations, but C&C Grocery had no insurable interest in

the property covered by the Policy; thus, only C&C Grocery may make a claim under the Policy, and coverage for C&C Grocery under such a claim would be barred as a matter of Oklahoma law;

  b.  No other party is an insured under the property loss coverage afforded under the Policy;

  c.  The Atwoods have no rights under the Policy related to the subject claim because they were not listed as "mortgagees" in the Policy's declarations at the time of the fire;

  d.  C&C Grocery failed to comply with the Policy's general conditions respecting either the making of changes to the Policy or the transfer of C&C Grocery's rights under the Policy;

  e.  Neither C&C Grocery nor any other defendant herein complied with the conditions precedent to coverage imposed by the Protective Safeguards Endorsement; and

  f.  The subject claim is excluded by the express terms of the Protective Safeguards Endorsement, which excludes coverage under the Policy for loss or damages caused by or resulting from fire if the insured fails to maintain any of the protective safeguards, because both (i) the subject claim is for loss of the Building resulting from fire, and (ii) neither C&C Grocery nor any other defendant herein complied with the conditions precedent to coverage imposed by the Protective Safeguards Endorsement.

33.	EMC thus seeks the declaration of this Court determining the coverage afforded by the Policy in relation to the subject claim.

WHEREFORE, PREMISES CONSIDERED, Plaintiff EMCASCO Insurance Company does respectfully pray that this honorable Court issue its declaratory judgment that there is no coverage afforded under the subject policy of insurance.

Respectfully submitted,

*s/ Casper J. den Harder*
Phil R. Richards, OBA #10457
Casper J. den Harder, OBA #31536
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma 74103
Telephone:  918/585.2394
Facsimile:  918/585.1449
Email: prichards@richardsconnor.com
           cdenharder@richardsconnor.com

**ATTORNEYS FOR PLAINTIFF EMCASCO INSURANCE COMPANY**