**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
EMCASCO INSURANCE COMPANY,         )
                                   )
              Plaintiff,           )
                                   )
v.                                 )    Case No. CIV-19-427-KEW
                                   )
C AND C GROCERY AND                )
MARKET, INC,;                      )
DALE M. ATWOOD;                    )
CYNTHIA GALE ATWOOD;               )
RONNIE LEE LAYMAN, JR.;            )
STEPHANIE K. LAYMAN; and           )
DOBBERS C&C GROCERY, LLC,          )
                                   )
              Defendants,          )
                                   )
and                                )
                                   )
C AND C GROCERY AND                )
MARKET, INC.;                      )
RONNIE LEE LAYMAN, JR.; and        )
STEPHANIE K. LAYMAN,               )
                                   )
              Third Party          )
              Plaintiffs,          )
                                   )
v.                                 )
                                   )
MCGREGOR INSURANCE GROUP, LLC;     )
and HEATHER MCGREGOR,              )
                                   )
              Third Party          )
              Defendants.          )
```

**OPINION AND ORDER**

This matter comes before the Court on the following motions:

1) Defendants/Third Party Plaintiffs C & C Grocery and Market, Inc., Ronnie Lee Layman, Jr., and Stephanie K. Layman's Motion to Dismiss (Docket Entry #31);

2) Plaintiff's Rule 12(b)(6) Motion to Dismiss Certain Theories

1

>    Alleged in Defendants' Counterclaim (Docket Entry #29); and
>
> 3) Plaintiff EMASCO Insurance Company's Rule 12(b)(6) Motion to Dismiss the Atwoods' Counterclaim (Docket Entry #48).

## Allegations Relevant to All Pending Motions

Plaintiff EMCASCO Insurance Company ("EMCASCO") initiated this action on December 19, 2019 and then amended the Complaint on February 3, 2020. EMCASCO alleges that it issued a commercial property insurance policy to Defendant C & C Grocery and Market, Inc. ("C & C") with annual policy periods from May 31, 2013 through May 31, 2020 providing insurance coverage for a commercial building located in Eufaula, Oklahoma as well as business personal property.

Prior to March 1, 2019, the building and associated real property was jointly owned by Defendants Dale and Cynthia Atwood (collectively referred to as the "Atwoods"), who were also the sole shareholders of the insured, C & C. The business in the building included a gas station, convenience store, and Simple Simon's pizza.

EMCASCO further alleges in the Amended Complaint that the insurance policy contains a Protective Safeguards Endorsement which requires that certain automatic fire protection devices be installed on the premises of the covered property. Among the exclusions noted in the policy is for fire loss where the insured knew of any suspension or impairment in the protective safeguard equipment.

The subject insurance policy also provides for amendments only upon

an endorsement by the insurer. It also states that the policy may not be transferred without the insurer's written consent except upon the death of the insured, whereupon coverage transfers to the legal representative under certain conditions.

The Amended Complaint provides that on March 1, 2019, the Atwoods deeded and conveyed their right, title and interest in the building and real estate as well as the corporate assets of C & C to Defendant Ronnie Lee Layman, Jr. but did not transfer the corporation. EMCASCO believes shares in the C & C corporation are still held by the Atwoods.

The sale of the building and real estate was seller financed by the Atwoods with a promissory not secured by a mortgage granted by the Laymans to the Atwoods. Layman then formed Dobbers C & C for the purpose of operating the business out of the building.

EMCASCO alleges in the Amended Complaint that C & C ceased to have an insurable interest in the building as of March 2, 2019. Further, no notice of the transfer of interest was provided to EMCASCO by the McGregor Insurance Group which had procured the policy and acted as C & C's insurance agent. As a result, when the policy was renewed on May 31, 2019, EMCASCO was without knowledge that C & C no longer had an insurable interest in the building and real estate.

On June 19, 2019, the building and its contents were destroyed by fire. EMCASCO alleges that at the time of the fire, the only insured under the policy's first party property coverage was C & C which no

longer had an insurable interest in the property. The Atwoods were not added to the policy's declarations as a mortgagee. EMCASCO also alleges that at the time of the fire, no party maintained an automatic fire alarm protecting the building.

On the day of the fire, EMCASCO alleges the McGregor Insurance Group submitted a claim for loss to EMCASCO under the policy for Defendant Stephanie Layman. After the fire, the Atwoods sought to be added to the policy as mortgagees which was refused by EMCASCO, citing the pending claim.

On January 24, 2020, EMCASCO tendered a refund of the premiums paid since March 1, 2019 in the amount of $8,003.34.

EMCASCO asserts in the Amended Complaint that Oklahoma law requires that the insured party have an insurable interest in the property covered by the insurance policy to be valid and enforceable. EMCASCO denies that it owes any of the named Defendants under the policy related to the fire loss. EMCASCO seeks a declaration determining the coverage under either the 2018 policy or the 2019 policy.

On March 9, 2020, Defendants C and C Grocery and Market, Inc., Ronnie Lee Layman, Jr., Stephanie K. Layman, and Dobbers C&C Grocery, LLC (collectively referred to as "Answering Defendants") filed a rather cumbersome Answer wherein they attempted to also bring a counterclaim and crossclaim against both EMCASCO and a third party, McGregor Insurance Group, LLC. As a result of the faulty pleading, this Court entered a

4

minute order as follows:

> This Court acknowledges the filing of the Answer and Counter Claim on March 9, 2020 (Docket Entry No. 20) and finds that it is deficient and in error in several respects. Namely, the Answer erroneously reflects: (1) a "cross claim" is identified in the styling of the Answer against the McGregor entities when it appears Defendants are attempting to initiate a third party complaint against these parties; (2) the Answer includes a "counterclaim" against the McGregor entities when, again, it appears these parties were strangers to this action before Defendants filed this pleading and, thus, they would be initiating a third party claim; and (3) the Answer purports to initiate a counterclaim against EMCASCO when it is improperly bundled with the claims against the McGregor entities. Because of these errors, the Answer is hereby STRICKEN. Defendants shall file a proper Answer and appropriate claims against the appropriate entities no later than MARCH 20, 2020. The Answer will be deemed timely if it is filed within this time period.
>
> *See* Docket Entry No. 21.

The Answering Defendants filed a corrected Answer on March 20, 2020. Included within the document was a Counterclaim against EMCASCO and "Third Party Petition" against EMCASCO and the McGregor entities. brought by the Answering Defendants. They allege that on March 1, 2019, the Laymans purchased C & C Grocery and Market, Inc. from the Atwoods. The purchase included "both C & C and the building, land, fixtures, improvements, and the like." Prior to the purchase, the Atwoods put EMCASCO's policy of insurance in place. The Answering Defendants contend that the Atwoods and Laymans contacted insurance agent Heather McGregor to advise her of the purchase and to make arrangements to

5

continue coverage on the C & C assets. McGregor, the principal owner of the McGregor Insurance Group, LLC, allegedly acknowledged the change of ownership and made arrangements for the premiums to be deducted from a new bank account set up by the Laymans. They further allege that "Mrs. McGregor proceeded to notify EMCASCO about the continuation of the policy."

The Answering Defendants acknowledge the fire, the claim made by the Laymans to EMCASCO, and the denial of the claim. They allege that EMCASCO "intentionally took control of the scene of the fire" boarding up the building. They also allege that EMCASCO "took this action knowing full well of the transfer of ownership of C & C leading up to the Laymans paying the first premium."

The counterclaim by the Answering Defendants against EMCASCO includes breach of the insurance contract and breach of the implied duty of good faith and fair dealing – commonly known as "bad faith." The Answering Defendants also allege a claim of negligence against the McGregor Insurance Group, Heather McGregor, and EMCASCO. They allege that EMCASCO was on notice of the transfer of ownership and the setting up of a new bank account by the Laymans for the payment of insurance premiums. The Answering Defendants further allege that EMCASCO and the McGregor entities "owed a duty to the Defendants/Third Party Plaintiffs to make sure that all paperwork and arrangements were completed in order for Defendants/Third Party Plaintiffs to have coverage in place" and

6

that they breached that duty.

While reference is made in the pleading to a "Third Party Petition", the Answering Defendant presumably intended to file a Third Party Complaint against the McGregor entities. The McGregor entities answered the Third Party Complaint on April 3, 2020 (Docket Entry #27). The McGregor entities have not challenged this Court's jurisdiction over the claims asserted against them in either their Answer to the Third Party Complaint or any subsequent filing.

In the actions pending before this Court, it is alleged that EMCASCO is a Delaware corporation doing business in Oklahoma, the Laymans reside in McIntosh County, Oklahoma, C & C Grocery and Market, Inc. is an Oklahoma corporation doing business in Oklahoma, Heather McGregor is a resident of Tulsa County, Oklahoma, McGregor Insurance Group, LLC is and Oklahoma limited liability company with its principal place of business in Tulsa, Oklahoma, the Atwoods reside in Oklahoma, and Dobbers C & C is an Oklahoma limited liability company.

On February 24, 2020, the Laymans and C & C Grocery and Market, Inc. filed an action in the District Court in and for McIntosh County, Oklahoma against EMASCO and the McGregor entities. The plaintiffs in that state court action allege the same causes of action represented in their Counterclaim and Third Party action filed in this case – breach of contract, bad faith, and negligence against EMCASCO and negligence against the McGregor entities. The state court action was stayed on September 23, 2020 pending a ruling upon the pending motions in this

action.

**Motion to Dismiss by the Laymans and C & C Grocery and Market, Inc.**

C & C Grocery and Market, Inc. and the Laymans filed a motion to dismiss. They allege that the McGregor entities are indispensable parties and that their inclusion in the Third Party action defeats diversity jurisdiction in this Court, warranting remand to the state court of the entire action. The Laymans and C & C contend that joinder is not feasible under Fed. R. Civ. P. 19(b) and that no question will exist that jurisdiction properly lies in the state court and all claims can be adjudicated in that forum. They also contend the McIntosh County state court action represents a more convenient forum.

The basis for federal jurisdiction of the declaratory judgment action filed by EMCASCO was diversity. 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity — no plaintiff may be a citizen of the same state as any defendant." Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015)(citations omitted). Additionally, "for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." Id. quoting Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 569-70, (2004). The question becomes whether the Laymans and C & C Grocery and Marketing, Inc. may defeat diversity jurisdiction in the original action filed in this Court by EMCASCO by bringing a third party action against a non-diverse party.

8

This Court finds telling the comments by the United States Supreme Court in Caterpillar Inc. v. Lewis, 519 U.S. 61, 67, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996) wherein a similar circumstance was found. The Court stated:

> In accord with 28 U.S.C. § 1367 and Rule 14 of the Federal Rules of Civil Procedure, Caterpillar, after removing the case to federal court, impleaded Lewis' employer, Gene Wilson Enterprises, a Kentucky corporation, as a third-party defendant. See App. 2. Gene Wilson Enterprises, so far as the record shows, remained a named third-party defendant, adverse solely to third-party plaintiff Caterpillar, through judgment. See Brief for Respondent 5. No dispute ran between Lewis and his employer, and Caterpillar's third-party complaint against Gene Wilson Enterprises had no bearing on the authority of the federal court to adjudicate the diversity claims Lewis asserted against Caterpillar. See, *e.g., Wichita Railroad & Light Co. v. Public Util. Comm'n of Kan.,* 260 U.S. 48, 54, 43 S.Ct. 51, 53, 67 L.Ed. 124 (1922) (federal jurisdiction once acquired on the ground of complete diversity of citizenship is unaffected by the subsequent intervention "of a party whose presence is not essential to a decision of the controversy between the original parties"). As elaborated in 3 J. Moore, Moore's Federal Practice ¶ 14.26, p. 14–116 (2d ed.1996) (footnotes omitted): "Once federal subject matter jurisdiction is established over the underlying case between [plaintiff] and [defendant], the jurisdictional propriety of each additional claim is to be assessed individually.
>
> Thus, assuming that jurisdiction is based upon diversity of citizenship between [plaintiff] and [defendant], the question concerning impleader is whether there is a jurisdictional basis for the claim by [defendant] against [third-party defendant]. The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant. Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-

9

> party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them.

This quote bears out the main concern of this Court – a declaratory action was initiated in this Court properly based upon diversity jurisdiction. The McGregor entities are not indispensable to the full and complete adjudication of that action. The Laymans and C & C Grocery and Market, Inc.'s efforts to thwart that jurisdiction are ineffective. A similar conclusion was drawn in the case pointed out by EMCASCO in its brief in King Fisher Marine Serv., Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 (10th Cir. 1990) where the Tenth Circuit concluded:

> It is well settled, however, that a court has ancillary jurisdiction of a defendant's proper rule 14(a) claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction (e.g., diversity between the third-party litigants), so long as the court has jurisdiction of the main claim between the original parties. *Dery v. Wyer,* 265 F.2d 804 (2d Cir.1959); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1444, at 223–25 (1971 & 1989 Supp.) (cases cited in notes 68–69). *See Moor v. County of Alameda,* 411 U.S. 693, 715, 93 S.Ct. 1785, 1798, 36 L.Ed.2d 596 (1973).

"Ancillary jurisdiction is an 'ill-defined concept,' 6 Charles A. Wright et al., *Federal Practice & Procedure* § 1444, at 316 (2d ed. 1990), that permits jurisdiction over certain cross-claims, counter-claims and third-party claims that are related to the principal case but do not enjoy a separate basis for subject matter jurisdiction. Ancillary jurisdiction is 'based on the premise that a district court acquires jurisdiction over a case or controversy in its entirety and, as an

10

incident to the disposition of a dispute that is properly before it, may exercise jurisdiction to decide other matters raised by the case over which it would not have jurisdiction were they independently presented.'" Sandlin v. Corp. Interiors Inc., 972 F.2d 1212, 1215-16 (10th Cir. 1992)(citation omitted).

As a result, this Court will exercise ancillary jurisdiction over the counterclaim and third party action asserted in this case to avoid piecemeal litigation.  Jurisdiction over the primary declaratory action clearly rests in this Court.  Moreover, the Laymans and C & C Grocery and Market, Inc.'s arguments for *forum non conveniens* are unavailing. The convenience between McIntosh County and Muskogee, Oklahoma where this Court would try the case is roughly equal for the witnesses and evidence.  The action will remain in this Court and the motion to dismiss will be denied.

### EMCASCO'S Motion to Dismiss Under Rule 12(b)(6)

EMCASCO contends that the counterclaim for negligence brought by C & C Grocery and Market, Inc., Ronnie Lee Layman, Jr., and Stephanie K. Layman is not recognized under Oklahoma law.  It asserts that only breach of contract and bad faith claims are viable against an insurer in connection with an insurance policy in Oklahoma.  Counterclaimants contend they may assert alternative and inconsistent theories of recovery.

Oklahoma law clearly recognizes breach of contract and bad faith as viable causes of action by an insured against and insurer.  Lewis v.

11

Farmers Ins. Co., Inc., 681 P.2d 67, 69 (Okla. 1983). Moreover, "Oklahoma law does not provide for a negligence claim against an insurer by its insured." Tolman v. Reassure Am. Life Ins. Co., 391 P.3d 120, 123 (Okla. Ct. Civ. App. 2017). Therefore, the motion will be granted on this claim.

EMCASCO also contends that the Counterclaimants' claim for bad faith fails to meet the plausibility standard enunciated in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Clearly, Bell Atlantic changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a Arefined standard@ on such motions. Khalik v. United Airlines, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). Bell Atlantic stands for the summarized proposition that A[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to >state a claim for relief that is plausible on its face.=@ Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that Aa complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief@ is Abest forgotten as an incomplete, negative gloss on an accepted pleading standard.@ Bell Atlantic, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as

12

referring Ato the scope of the allegations in the complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs >have not nudged their claims across the line from conceivable to plausible.=@  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).  The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2).  Khalik, 671 F.3d at 1191.  Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court=s continued endorsement of Rule 8's Ashort and plain statement@ requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found A[s]pecific facts are not necessary; the statement need only >give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.=@  Id. at 93.

The Counterclaimants' claims for bad faith against EMCASCO are insufficiently conclusory in stating EMCASCO "took extraordinary steps to deny the claim altogether", alleging a violation of the duty of good faith and fair dealing, and that the actions of EMCASCO were unreasonable without explanation.  Since the insurance contract requires that any transfer be in writing by EMCASCO per the Amended Complaint allegations, further explanation is warranted.  Accordingly, the Counterclaimants will be required to amend their Counterclaim against EMCASCO to provide further facts in support of their claims.

**EMCASCO's Motion to Dismiss the Atwood's Counterclaim**

Similarly, EMCASCO contends the Atwood's counterclaim does not set forth sufficient facts to survive the plausibility standard. The deficiencies identified by EMASCO include (1) the lack of factual allegations that they were parties to the insurance contract; and (2) the lack of factual support for reformation of the insurance contract. The Atwoods provide considerably more foundation for their counterclaims in their response to the motion to dismiss. The factual allegations should be further amended in the counterclaim itself in order to provide the required plausibility for their claims rather than dismissal as urged by EMCASCO.

IT IS THEREFORE ORDERED that Defendants/Third Party Plaintiffs C & C Grocery and Market, Inc., Ronnie Lee Layman, Jr., and Stephanie K. Layman's Motion to Dismiss (Docket Entry #31) is hereby **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Rule 12(b)(6) Motion to Dismiss Certain Theories Alleged in Defendants' Counterclaim (Docket Entry #29) is hereby **GRANTED** in that the counterclaim for negligence asserted by Defendants C & C Grocery and Market, Inc., Ronnie Lee Layman, Jr., and Stephanie K. Layman is hereby **DISMISSED**. The remainder of the motion is hereby **DENIED**. However, these Counterclaimants shall file an Amended Counterclaim with further factual support no later than **APRIL 16, 2021**.

IT IS FURTHER ORDERED that Plaintiff EMASCO Insurance Company's

Rule 12(b)(6) Motion to Dismiss the Atwoods' Counterclaim (Docket Entry #48) is hereby **DENIED**. However, the Atwoods shall amend their Counterclaim with further factual support no later than **APRIL 16, 2021**.

IT IS SO ORDERED this 31st day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE